**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| VERNICE LOCKHART JAMES,<br>              Appellant, | DOCKET NUMBERS<br>AT-3443-17-0753-I-1<br>AT-3443-18-0058-I-1 |
| v. | |
| SOCIAL SECURITY<br>     ADMINISTRATION,<br>              Agency. | DATE:  May 6, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Vernice Lockhart James, Columbia, South Carolina, pro se.

Avni D. Gandhi and Megan Cleary Deponte, Atlanta, Georgia,
    for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed petitions for review of the initial decisions in these appeals, which dismissed each appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in these appeals, we JOIN them for adjudication on review under 5 C.F.R. § 1201.36.[2]  We conclude that the petitioner has not established any basis under section 1201.115 for granting the petitions for review.  Therefore, we DENY the petitions for review.  Except as expressly MODIFIED to VACATE the administrative judge's finding in MSPB Docket No. AT-3443-17-0753-I-1 that the appellant's whistleblower claim is barred by the doctrine of collateral estoppel and to dismiss the appellant's whistleblowing claims as untimely filed, we AFFIRM the initial decisions.

## BACKGROUND

On July 25, 2014, the appellant filed an individual right of action (IRA) appeal contesting several matters, including nonselection for a position.  *James v. Social Security Administration*, MSPB Docket No. AT-3443-14-0870-I-1, Final Order, ¶ 2 (Feb. 11, 2015).  On February 11, 2015, the Board issued a final decision dismissing the appeal for lack of jurisdiction.  *Id.*, ¶ 1.

On July 1, 2015, the appellant filed a tort claim with the agency's Office of General Counsel and subsequently pursued that claim in U.S. district court under the Federal Tort Claims Act (FTCA).  *James v. Social Security Administration*, MSPB Docket No. AT-3443-17-0753-I-1, Initial Appeal File (0753 IAF), Tab 9

---

[2] Joinder of two or more appeals filed by the same appellant is appropriate when doing so would expedite processing of the cases and not adversely affect the interests of the parties. *Tarr v. Department of Veterans Affairs*, 115 M.S.P.R. 216, ¶ 9 (2010); 5 C.F.R. § 1201.36(a)(2), (b).  We find that these appeals meet the regulatory criteria, and therefore, we join them. *See Tarr*, 115 M.S.P.R. 216, ¶ 9.

at 5, Tab 1 at 4. She asserted that the district court denied her claim, finding that, because her tort claim arose from her Federal employment, she must seek redress under the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111. 0753 IAF, Tab 1 at 5-6. On August 29, 2017, she filed the first of the two appeals joined herein. 0753 IAF, Tab 1.

In addition to raising her FTCA claim, the appellant challenged her nonselection for a "lead" position in the agency's Training Cadre Program, and contended that the agency also denied her the opportunity to participate in its equal employment opportunity (EEO) counselors' program and its Growth and Enrichment in the Atlanta Region (GEAR)[3] program. *Id.* at 4-5. As with her FTCA claim, the appellant contended that the Chief Administrative Judge in her office slandered and libeled her and she asserted that his actions resulted in her not being selected for those programs. 0753 IAF, Tab 9 at 4. The appellant indicated that she filed a complaint with the Office of Special Counsel (OSC) concerning her allegations. *Id.*

The administrative judge dismissed the appeal for lack of jurisdiction. 0753 IAF, Tab 15, Initial Decision (0753 ID). Because he found that the appellant's whistleblower claims were identical to the claims she previously pursued in MSPB Docket No. AT-3443-14-0870-I-1, the administrative judge found that she was collaterally estopped from establishing Board jurisdiction over them. 0753 ID at 3-4. The administrative judge considered whether the agency had taken a suitability action against the appellant, but found that neither the agency nor OPM had done so. 0753 ID at 5. The administrative judge also found

---

[3] Although the administrative judge in one of these appeals wrote in his initial decision that the GEAR acronym represents Goals-Engagement-Accountability-Results, the vacancy announcement for the program position instead indicates that the acronym stands for Growth and Enrichment in the Atlanta Region. *James v. Social Security Administration*, MSPB Docket No. AT-3443-18-0058-I-1, Tab 10, Initial Decision at 1, Tab 9 at 2. We find that the administrative judge's error harmless. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

that the appellant failed to raise an appealable employment practices claim because she failed to identify any action by OPM that violated a basic requirement set forth in 5 C.F.R. § 300.103 concerning any of the nonselections she alleged. 0753 ID at 5. The administrative judge further found that the Board lacks jurisdiction over the appellant's FTCA claim. 0753 ID at 6.

While the 0753 appeal was still pending before the administrative judge, the appellant filed the second appeal we have joined in this Final Order. *James v. Social Security Administration*, MSPB Docket No. AT-3443-18-0058-I-1, Initial Appeal File (0058 IAF), Tab 1. She argued therein that the score she received during the selection process for the GEAR program violated 5 U.S.C. § 2302(b)(8). 0058 IAF, Tab 8 at 4. The administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction, finding that the appellant's purported protected disclosure concerning the score she received, or the agency's implementation of the GEAR program, could not have been in retaliation for her disclosure because she received her score before she made the disclosure. 0058 IAF, Tab 10, Initial Decision (0058 ID) at 2.

The appellant has filed petitions for review in both appeals. *James v. Social Security Administration*, MSPB Docket No. AT-3443-17-0753-I-1, Petition for Review (0753 PFR) File, Tab 2; *James v. Social Security Administration*, MSPB Docket No. AT-3443-18-0058-I-1, Petition for Review (0058 PFR) File, Tab 1. Both petitions involve her application for GEAR and other developmental programs and there is considerable overlap in the allegations therein. Concerning the first of her petitions, the appellant asserted that she exhausted her administrative remedies before OSC. 0753 PFR File, Tab 2 at 4. She reiterated her employment practices claim, her argument that the agency took a suitability action against her, and her FTCA claim. *Id*. at 4-8. She made a second filing in which she included several documents in support of her petition for review, including preliminary determination and close-out letters from OSC informing her that she may have a right to seek corrective action from the Board. 0753 PFR

File, Tab 4 at 12-16. The appellant also includes documentation from December 2010, regarding her assertions of slander and libel and a December 18, 2015 letter from the agency's Office of General Law concerning her FTCA claim. *Id.* at 17-19. In the petition for review that she filed in her second appeal, the appellant contends that the Board has general jurisdiction over her appeal. 0058 PFR File, Tab 1. She reasserts her employment practices claim and challenges the administrative judge's finding that she received her score in the GEAR program selection process before her purported protected disclosure. *Id.* at 5-6. She argues that OPM never reported the scores, even though it previously had done so, and yet claims that she had a perfect score but was not selected. *Id.* at 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). A nonselection for promotion is not an independently appealable action. *See* 5 U.S.C. § 7512 (describing the actions covered); *Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1034 (Fed. Cir. 1993). Despite this general lack of Board jurisdiction, an appellant may appeal a nonselection by other statutory means, such as pursuant to the Veterans Employment Opportunities Act of 1998 (VEOA) or the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA), or through an IRA appeal. *E.g.*, *Becker v. Department of Veterans Affairs*, 107 M.S.P.R. 327, ¶ 5 (2007).

As discussed below, the record does not reflect that the agency took an independently appealable action against the appellant in either of these appeals, and there is nothing in the record to indicate that the appellant sought to pursue a claim under VEOA or USERRA in either appeal. Concerning the appellant's employment practices claim, the Board has jurisdiction over an employment practices appeal when two conditions are met: (1) the appeal must concern an

employment practice that OPM is involved in administering; and (2) the appellant must make a nonfrivolous allegation that the employment practice violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103. *Meeker v. Merit Systems Protection Board*, 319 F.3d 1368, 1373 (Fed. Cir. 2003); *Sauser v. Department of Veterans Affairs*, 113 M.S.P.R. 403, ¶ 6 (2010). Under 5 C.F.R. § 300.103, employment practices "shall be based on a job analysis to identify: (1) The basic duties and responsibilities; (2) The knowledges, skills, and abilities required to perform the duties and responsibilities; and (3) The factors that are important in evaluating candidates." 5 C.F.R. § 300.103(a). There also must be a "rational relationship between performance in the position to be filled . . . and the employment practice used." 5 C.F.R. § 300.103(b)(1).

The appellant contended in her 0058 appeal that the GEAR program was announced through OPM, but that she did not receive a score from OPM, asserting instead that an agency team completed their own assessments to determine the selections. 0058 IAF, Tab 8 at 4.[4] On review, the appellant states that, for 2 years "we received a score from OPM first" before the agency panel determined the selections. 0058 PFR File, Tab 1 at 6. She alleges that she should have been selected for the position based on her score. *Id*. Although our reviewing court in *Meeker* found that a scoring formula constituted an "employment practice," 319 F.3d at 1373, the appellant has failed to make a nonfrivolous allegation that the scoring formula violated a basic requirement set forth in 5 C.F.R. § 300.103. Thus, we agree with the administrative judge's finding that the appellant failed to establish jurisdiction over her employment practices claim. *See Banks v. Department of Agriculture*, 59 M.S.P.R. 157, 160 (1993) (finding that the appellant failed to establish that the agency subjected him to an appealable employment practice when he merely challenged his

---

[4] The appellant also cited the Board's employment practices jurisdiction in her 0753 appeal. 0753 IAF, Tab 14 at 4; 0753 PFR File, Tab 2 at 4.

nonselection for the position and the agency's alleged irregularities in the selection process), *aff'd per curiam*, 26 F.3d 140 (Fed. Cir. 1994) (Table).

We also agree with the administrative judge that the agency did not take a suitability action against the appellant. 0753 ID at 5; *see* 5 C.F.R. § 731.203(a) (defining a "suitability action" as a cancellation of eligibility, a removal, a cancellation of reinstatement eligibility, and a debarment). Under 5 C.F.R. § 731.203(b), a nonselection for a specific position is not a suitability action, even if it is based on the criteria for making such a determination. Similarly, the appellant fails to identify any basis for her contentions that the FTCA, the Fair Labor Standards Act, or the Board's general jurisdiction over employment matters that are unfair, 0058 PFR File at 6-8, provide a basis for Board jurisdiction over her appeals. Additionally, to the extent that the appellant is alleging discrimination, such prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction. *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

<u>The appellant's allegations of whistleblower retaliation are untimely.</u>

Under the Whistleblower Protection Enhancement Act of 2012 (WPEA),[5] the Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that: (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by

---

[5] The incidents at issue in this appeal occurred after the December 27, 2012 effective date of the WPEA. Pub. L. No. 112-199, § 202, 126 Stat. 1465, 1476.

5 U.S.C. § 2302(a)(2)(A).[6] *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

In the first of these appeals, the administrative judge found that the appellant's whistleblower claims were the same ones she had made in an earlier appeal, MSPB Docket No. AT-3443-14-0870-I-1. 0753 ID at 4. Finding all the elements of collateral estoppel present, he determined that the appellant's whistleblower claims were precluded by the Board's final decision in her prior appeal. *Id.*; *see Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988) (explaining that collateral estoppel, or issue preclusion, is appropriate when: (1) an issue is identical to that involved in the prior action, (2) the issue was actually litigated in the prior action, (3) the determination on the issue in the prior action was necessary to the resulting judgment, and (4) the party precluded was fully represented in the prior action). *Id.* However, because a jurisdictional dismissal of an appellant's prior whistleblower claims for failure to exhaust their administrative remedies before OSC does not bar a second IRA appeal of the same claims, we find that the administrative judge improperly applied the doctrine of collateral estoppel. *Bump v. Department of the Interior*, 64 M.S.P.R. 326, 330-33 (1994). We therefore vacate the portion of the 0753 ID finding the appeal barred by collateral estoppel. 0753 ID at 4.

Although the administrative judge found that the appellant's purported protected disclosure in the second of the appeals before us here occurred after she received her score for the GEAR program, 0058 ID at 2-3, our review of the

---

[6] Although the record shows that the administrative judge in the 0058 appeal failed to give the appellant notice of all of the elements she must meet to establish jurisdiction over an IRA appeal, 0058 IAF, Tab 2 at 2, the agency did so in its motion to dismiss the appeal for lack of jurisdiction, 0058 IAF, Tab 7 at 6-7; *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (finding that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue). Nevertheless, because the agency's motion to dismiss provided the required notice, the administrative judge's *Burgess* error was harmless. *See Harris v. U.S. Postal Service*, 112 M.S.P.R. 186, ¶ 9 (2009) (finding that the necessary jurisdictional notice may be provided by the agency pleadings or the initial decision).

record reveals that the appellant did not identify when she made her purported disclosure. Accordingly, the record does not support the administrative judge's finding that the appellant's disclosure happened after the purported nonselection. 0058 ID at 2-3.

Nevertheless, the 2014 documentation from OSC that the appellant filed in support of the 0753 petition for review indicates that it involves the appellant's whistleblowing claims in both of these appeals, i.e., the agency's selection process for GEAR. 0753 PFR File, Tab 4 at 12-16; 0753 IAF, Tab 12 at 4; 0058 IAF, Tab 8 at 4. An appellant must file an IRA appeal with the Board no later than 65 days after the date of issuance of OSC's written notification that it was terminating its investigation of her allegations or, if she shows that OSC's notification was received more than 5 days after the date of issuance, within 60 days after the date of receipt. 5 U.S.C. § 1214(a)(3)(A); *Kalus v. Department of Homeland Security*, 123 M.S.P.R. 226, ¶ 7 (2016); 5 C.F.R. § 1209.5(a)(1). As discussed below, because OSC's letter was dated September 30, 2014, and she filed the first of these appeals on August 29, 2017, the appellant's whistleblower reprisal claims were untimely filed by nearly 3 years. 0753 PFR File, Tab 4 at 12-16; 0753 IAF, Tab 1.

The Office of the Clerk of the Board issued a detailed order advising the appellant of the law applicable to the timeliness of an IRA appeal, including the circumstances under which the Board will employ equitable tolling to extend the filing deadline. 0753 PFR File, Tab 6. The Clerk's Office directed the appellant to file evidence and argument showing that she filed her appeal on time or that the delay was caused by circumstances that meet the test for equitable tolling. *Id.* The Board's regulations provide that the 65-day deadline for filing an IRA appeal is subject to the doctrine of equitable tolling, which permits the Board to extend the deadline when the appellant, despite having diligently pursued her rights, was unable to make a timely filing. 5 C.F.R. § 1209.5(b).

The appellant filed a response and an amended response, neither of which addressed the timeliness of her whistleblower reprisal claims. 0753 PFR File, Tabs 7-8. As noted above, OSC's close-out letter is dated September 30, 2014, and it advised the appellant of her appeal rights. 0753 PFR File, Tab 4 at 11. Specifically, OSC's letter advised the appellant of her right to file an IRA appeal within 65 days after the date of the letter. *Id.* Sixty-five days from September 30, 2014, was December 4, 2014. The appellant filed the first of these appeals on August 29, 2017, and the second on October 22, 2017, well more than 65 days following OSC's September 30, 2014 close out letter. 0753 PFR File, Tab 4 at 12-13; 0753 IAF, Tab 1; 0058 IAF, Tab 1. She identified no basis under which the Board may apply the doctrine of equitable tolling to her whistleblower reprisal claims. 5 C.F.R. § 1209.5(b). Thus, based on the current record, we modify the initial decision to find that the appellant's whistleblower reprisal claims in both appeals were untimely filed.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.